UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                     :

DAINA PACE,                              :

                                 :

                  Plaintiff,    :

                                 :                19-CV-702 (VSB)

          - against -              :

                                 :          **OPINION & ORDER**

                                 :

TARGET CORPORATION,          :

                                 :

                  Defendant.   :

                                 :
--------------------------------------------------------X

Appearances:

Gregory Oliver Koerner
Koerner & Associates, LLC
New York, NY
*Counsel for Plaintiff*

Michael J. Crowley
Connell Foley LLP
New York City, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Daina Pace ("Plaintiff") brings this action against Defendant Target Corporation

("Defendant" or "Target") for negligence arising out of a slip-and-fall at a Target store in

Manhattan.  Before me is Defendant's motion for summary judgment to dismiss Plaintiff's

complaint.  Because I find that the material facts are undisputed, and that, as a matter of law, the

metal support bar that caused Plaintiff to trip was open and obvious and not inherently

dangerous, but rather a trivial defect, Defendant's motion for summary judgment is GRANTED.

## I.    __Factual Background and Procedural History__[1]

The facts contained in this section are taken from Defendant's Rule 56.1 statement.

(Doc. 45 ("Def.'s 56.1").)  Plaintiff did not file a Rule 56.1 counterstatement as required by

Local Civil Rule 56.1.  (*Cf.* Doc. 46 ("Pl.'s Opp.").)[2]  Moreover, Plaintiff's opposition fails to

indicate which facts Plaintiff admits, and on which facts Plaintiff contends "there exists a

genuine issue to be tried."  Local Civil Rule 56.1(b).  Because Plaintiff did not "specifically

controvert[]" Defendant's 56.1 Statement, the statement is "deemed to be admitted for purposes

of the motion."  Local Civil Rule 56.1(c).  Therefore, I consider Defendant's 56.1 Statement

undisputed.  *See N.Y. State Teamsters Conf. Pension & Retirement Fund v. Express Servs., Inc.*,

426 F.3d 640, 648–49 (2d Cir. 2005) (affirming grant of summary judgment based on facts

deemed admitted because of the nonmoving party's failure to provide a counterstatement as

required under the local rules).

On May 25, 2018, Plaintiff visited the Target store at 255 Greenwich Street, New York,

New York.  (*See* Def.'s 56.1 ¶ 1.)  Plaintiff tripped over one of the metal support bars on the

carpet near a white mannequin base.  (*See id.* ¶ 2; *see also* Doc. 43-4 ("Pl.'s Depo.") 51:18-

53:3.)[3]  Following the incident, store director Daniel Rivera took photos of the area where

Plaintiff tripped, which are "an accurate depiction of the mannequin display on the date of the

---

[1] Unless otherwise indicated, the facts in this section are undisputed.

[2] Plaintiff's opposition instead consists of an affirmation by her counsel and a copy of Plaintiff's deposition, which the affirmation only cites three times.  (*See* Pl.'s Opp. ¶¶ 14–16.)  "Unsupported assertions in an affidavit sworn by an opposing party's attorney who lacks personal knowledge of the facts do not create genuine issues of material fact to preclude summary judgment."  *First City Fed. Sav. Bank v. Bhogaonker*, 684 F. Supp. 793, 798 (S.D.N.Y. 1988); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge. . . .").

[3] Although in Plaintiff's Complaint and Plaintiff's Response to Interrogatories, Plaintiff alleged that she tripped over the mannequin base, (*see* Doc. 1 ¶ 7; Doc. 43-7 ¶ 4), in her opposition to Defendant's motion for summary judgment and during her deposition, Plaintiff alleged that she tripped over one of the metal support bars, (*see* Pl.'s Opp. ¶ 4; *see also* Pl.'s Depo. 33:1-22).

subject incident."  (Def.'s 56.1 ¶¶ 3, 4; *see also* Doc. 43-6 ("Ex. F") (photographs of the incident area); Doc. 43-8 ("Ex. H") (affidavit from store director).)  The photos show four metal support bars, some supporting a clothing rack and some supporting a large mirror.  (*See* Ex. F.)  The metal support bars at issue were "shiny," "silver" and "flat."  (Def.'s 56.1 ¶ 6.)  The metal support bars were raised no more than one-half of an inch above the carpet.  (*See id.* ¶ 8.)[4]  There were no objects obstructing Plaintiff's view of the metal support bars.  (*See id.* ¶ 7; *see also* Ex. F.)[5]

On January 24, 2019, Plaintiff filed this action against Defendant seeking $250,000 for negligence.  (Doc. 1.)  On November 13, 2020, following the close of discovery, Defendant filed a motion for summary judgment, (Doc. 42), along with a declaration and exhibits, (Doc. 43), a memorandum, (Doc. 44), and a Rule 56.1 Statement, (Def.'s 56.1), all in support of the summary judgment motion.  On December 4, 2020, Plaintiff filed an affirmation of her counsel in opposition, with Plaintiff's deposition attached as an exhibit.  (Pl.'s Opp.)  On December 11, 2020, Defendant filed a reply.  (Doc. 47.)

---

[4] Plaintiff argues that one of the "factual disputes regarding the dangerous condition of the metal bars" is that there was "an approximate one-half inch gap between the floor and the metal bar, enough space for the Plaintiff's foot to be caught and caused to trip."  (Pl.'s Opp. ¶¶ 20, 21; *see also* ¶ 15 (citing Pl.'s Depo. 34:9-11, 37:2-3).)  However, this contention appears consistent with Defendant's statement of material fact that "Plaintiff testified that the metal support which caused her to trip and fall was raised approximately one-quarter to one-half of an inch above the carpet."  (Def.'s 56.1 ¶ 8).  Thus, even if I did not deem Defendant's 56.1 Statement admitted as a procedural matter, I would find that Plaintiff did not raise a material dispute of fact as to the "gap."

[5] Plaintiff cites her own deposition to argue "that the clothes hanging on the clothing racks surrounding these metal bars obstructed her view of the metal base."  (Pl.'s Opp. ¶ 16 (citing Pl.'s Depo. 54:7-12).)  However, Plaintiff's actual testimony on this point is far from clear.  (*See* Pl.'s Depo. 53:24-55:12.)  Indeed, Plaintiff and Defendant cite the same testimony to support opposite contentions.  (*Compare* Def.'s 56.1 ¶ 7 *with* Pl.'s Opp. ¶ 16.)  Moreover, the photographic evidence—which Plaintiff failed to challenge—plainly shows that the metal support bars were visible from the aisle.  (*See* Ex. F.)  Accordingly, even if Plaintiff filed a proper Rule 56.1 counterstatement, I would find no material dispute regarding Defendant's assertion that "[t]here was nothing obstructing the view of the subject mannequin base and accompanying metal supports."  (Def.'s 56.1 ¶ 7.)

II.     **Legal Standard**

Summary judgment is appropriate only when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[ ]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at 256, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the

motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(2), (3).

Additionally, in considering a summary judgment motion, a court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party."  *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation and internal quotation marks omitted); *see also Matsushita*, 475 U.S. at 587.  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied.  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

### III.   Discussion

#### A.   *Applicable Law*

"Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show:  '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'"  *Borley v. United States*, 22 F.4th 75, 78–79 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)).  A shop has a "common-law responsibility to show due care to customers by 'maintaining its premises in a reasonably safe condition.'"  *Id.* (quoting *Kellman v. 45 Tiemann Assocs., Inc.*, 87 N.Y.2d 871, 872 (1995)).  "In order to impose liability upon a defendant in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous or defective condition."  *San Antonio v. 340 Ridge Tenants Corp.*, 166 N.Y.S.3d 256, 258 (2d Dep't 2022).

"[T]here is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous."  *Sebagh v. Cap. Fitness, Inc.*, 162 N.Y.S.3d 440, 443

(2d Dep't 2022) (internal quotation marks omitted).  "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident," including but not limited to whether "the condition is obscured or the plaintiff is distracted."  *Id.* (internal quotation marks omitted).  A condition is "inherently dangerous" if it requires "special precautions at all times to avoid injury."  Dangerous – Inherently Dangerous, Black's Law Dictionary (11th ed. 2019).

Under New York law, "a defendant may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection."  *Hutchinson v. Sheridan Hill House Corp.*, 26 N.Y.3d 66, 77–78 (2015) (internal quotation marks omitted).  "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses."  *Id.* at 79.

Although "whether a dangerous or defective condition exists on the property of another so as to create liability . . . is generally a question of fact for the jury . . . in some instances, the trivial nature of the defect may loom larger than another element."  *Trincere v. Cnty. of Suffolk*, 90 N.Y.2d 976, 977 (1997) (internal quotation marks omitted).  "Not every injury allegedly caused by an elevated brick or slab need be submitted to a jury."  *Id.* (affirming grant of summary judgment to defendant where plaintiff tripped over a "one-half inch elevation of a cement slab").

### B.    *Application*

Based on the undisputed facts, I find as a matter of law that the metal support bars were open and obvious, and not inherently dangerous.  In the photographs—which are an undisputedly accurate depiction of the area where the incident occurred on the date of the incident—the shiny silver metal bars are clearly visible against the gray patterned carpet.  (*See* Def.'s 56.1 ¶ 4; Ex. F.)  There is ample space to maneuver over and around the bars.  (*See* Ex. F.)  The clothing racks near the bars do not obstruct the view of the bars from any angle.  (*See id.*; *see also* Def.'s 56.1 ¶ 7.)  Even if customers were distracted by browsing the clothing racks, because there was space provided around the bars, I find that "those employing the reasonable use of their senses" would nevertheless see the bars and avoid injury without any special precaution.  *Sebagh*, 162 N.Y.S.3d at 443 (internal quotation marks omitted); *see also Sonera v. 147-16 Hillside Ave. Corp.*, 171 N.Y.S.3d 572, 574 (2d Dep't 2022) (affirming grant of summary judgment to defendant when plaintiff tripped over a sign); *Johnson v. NYC Dep't of Parks & Recreation*, 169 N.Y.S.3d 668, 669 (2d Dep't 2022) (affirming grant of summary judgment to defendant when plaintiff tripped over a concrete slab); *Gerner v. Shop Rite of Uniondale, Inc.*, 50 N.Y.S.3d 459, 461 (2d Dep't 2017) (reversing denial of summary judgment to defendant where plaintiff tripped over the base of a fence).

To be sure, "[t]he fact that a dangerous condition is open and obvious does not relieve a defendant of all duty to maintain his or her premises in a reasonably safe condition."  *Mister v. Mister*, 135 N.Y.S.3d 165, 167 (3rd Dep't 2020) (internal quotation marks omitted).  However, I also find as a matter of law that the premises were reasonably safe because the metal support bars were a trivial defect.  Under the trivial defect doctrine, "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be

actionable." *Trincere*, 90 N.Y.2d at 977.  Rather, a court must consider "the peculiar facts and circumstances of each case," such as the "the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury." *Id.* at 977–78 (internal quotation marks omitted).  Here, the metal support bars were raised no more than one-half of an inch above the carpet.  (*See* Def.'s 56.1 ¶ 8; *see also* Ex. H (indicating that the metal bar is "1/2 of an inch high off of the store's carpet").)  The metal support bars at issue were flat and smooth, not jagged.  (*See* Def.'s 56.1 ¶ 6; *see also* Ex. F.)   The shopping area was not dark or crowded, and the ground was not uneven.  (*See* Ex. F.)  As a result, I find that the metal support bars were a "physically insignificant" trivial defect, and that nothing about the metal bars or the surrounding circumstances increased the risks they posed.[6]  *Hutchinson*, 26 N.Y.3d at 77–78 (affirming grant of summary judgment to defendant where the metal object that caused plaintiff to trip "was in a well-illuminated location," "was not hidden or covered in any way," "was not jagged," and "the surrounding surface was not uneven"); *see also Shiles v. Carillon Nursing & Rehab. Ctr., LLC*, 864 N.Y.S.2d 439, 439 (2d Dep't 2008) (affirming grant of summary judgment to defendant where plaintiff tripped over an elevated sidewalk "during daylight hours on a clear day with nothing obstructing her view"); *D'Arco v. Pagano*, 801 N.Y.S.2d 158 (2d Dep't 2005) (affirming grant of summary judgment to defendant where plaintiff tripped over a "marble saddle . . . raised 1 1/16 of an inch over the adjacent carpeted floor").

In sum, I find that as a matter of law, the metal support bars were an open and obvious trivial defect, and that Plaintiff has failed to raise a genuine dispute of material fact.

---

[6] As a prudential matter, I note that the metal support bars held up a clothing rack and a large mirror, which would pose risks in their own right if not properly secured by appropriate supports.

### IV.    <u>Conclusion</u>

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and

Plaintiff's complaint is dismissed in its entirety.  The Clerk's Office is respectfully directed to

terminate the open motion at Doc. 42, and close the case.

SO ORDERED.

Dated: September 28, 2022
       New York, New York

Vernon S. Broderick
United States District Judge